Curia, per O’Neall, J.
The motion for non-suit has been argued in, and considered by, this court.
The second ground was conceded, by the counsel for the motion, to be unsustainable ; and that he was right in ■abandoning it, is plain upon comparing the words proved with those laid in the declaration.
The first ground is alone to be discussed. It may be ■conceded, if the words proved had alone made the charge of stealing one of Mrs. Wilson’s cattle, whose overseer the plaintiff was, that they could not, in legal contemplation, have made a charge of larceny or cow stealing; for the relation of confidence between them was such that the taking would have only been a breach of trust.
*399 But the words uttered to Mr. Forrester were a plain charge of stealing one of Clarke’s cattle ; for when For-rester, to whom the defendant was speaking of the charge against the plaintiff, said he hoped it was not stealing, the defendant said yes, and then went on to say he had killed a beef of John Clarke’s. The plain meaning of these words is, he stole a beef of John Clarke’s. It is true, he went on to assign the reason why, it was supposed, he did it; as that he had pledged his watch for his stage fare to Clarke, and it being worth more, he took a beef to make it up. This statement did not shew that the offence was not cow stealing, for if every word of it had been true, the defendant would have been guilty of the criminal offence.
The rule is, <:if words are susceptible of two meanings, one imputing a crime, and the other innocent, the latter is not to be adopted, and the other rejected, as a matter of course. In such a case, it must be left to the jury to decide in what sense the defendant used them.” Davis vs. Johnston, 2 Bail. 579. In this case, that course was pursued, and after the jury have decided, we certainly cannot say they have given a wrong interpretation to words which, we think, fairly impute the charge of stealing one of Clarke’s cattle. The same principle is affirmed in Hughey vs. Hughey, (reported under the name of Hugley vs. Hugley) 2 Bail. 592. In that case, it was held that words charging the stealing of certain articles to the distributee of an estate, who afterwards became the administrator, might and did sustain an action of slander, inasmuch as they made a plain charge of theft, and it was not impossible that larceny could arise out of such a possession.
The rule by which words actionable on their face may, when applied to the facts to which they relate, be held not to be actionable, is stated in Pegram vs. Styron, 1 Bail. 597. It is there said, “ if words spoken, unexplained, would be actionable, but at the time they are spoken they are so explained as to shew they impute no legal crime, then they are not actionable.” This case, tried by that rule, is clearly maintainable — for in the words used to Forrester there is no explanation which shews that the taking was not, or *400 could not be, fellonious. Taking the whole of the defendant’s statement to that witness, it will leave this conclusion : that the plaintiff, to repay himself for so much of his pledge as was more than his stage fare, stole one of Clarke’s cattle. This is as plain a charge of cow stealing as the words in Davis vs. Johnston, “ tell him he is riding a stolen horse, and has a stolen watch in his pocket,” were of horse stealing and larceny. They impute with much more certainty, a crime, than the words in Hughey vs. Hughey.
The words used to Dr. Henderson and Col. Walter stated the larceny to have been committed of one of the cattle belonging to Mrs. Wilson, for whom the plaintiff’was overseer, and which were, therefore, legally in his possession ; and it is very possible that under the rale stated in Pegram vs. Styron, they would not have supported the action. • But it is enough for the plaintiff, that in one publication the defendant made a criminal charge, without any such explanation as would render it harmless.
The motion to set aside the verdict, and enter a non-suit, is dismissed ; but the motion for a new trial makes the question, whether the Act of 1841, giving to parties, in civil cases, the right of challenging some of the jury, is not a violation of the 6th section of the 9th Article of the Constitution of this State. This court cannot, by law, decide that question ; it is reserved for the Court of Errors, to which court this case is ordered, so that the question may be heard, considered and adjudged.
Richardson, Evans, Wardlaw and Frost, JJ. concurred.